## W. G. WADE v. R. L. TUCKER, ET AL.

**Judicial Sales—Usurious Interest.**

> One who buys property at a commissioner's sale may resell the same to the original owners at any price that may be agreed upon, and where it is agreed that the purchasers from the buyer at commissioner's sale shall pay to him the price paid by him, and 25 per cent interest for the time, such a contract is not for usurious interest, but is a consideration for the sale.

### APPEAL FROM SIMPSON CIRCUIT COURT.

February 3, 1877.

OPINION BY JUDGE LINDSAY:

Tucker does not aver directly and unequivocally that Wade bought the house and lot at the commissioner's sale, under a contract to hold the title in trust for Chaney and himself; and the proof does not sustain that theory. But it is evident that within a very short time

after his purchase Wade agreed with Chaney that he and Tucker should have the property back upon the payment to him of the price bid at the decretal sale, and interest thereon at an agreed rate. This was an oral contract, but it was carried out when Wade conveyed to Boone. The difficulty in settling the facts of the transaction is to ascertain the rate at which interest was to be paid. Wade claims that he was to have 25 per centum per annum. Beard fixes it according to his indistinct recollection at 10 per centum. There is some proof tending to show that Chaney stated that he was to pay 25 per cent. interest. The most reasonable solution of the matter is that Wade, who was acting as the friend of Chaney & Tucker, was at the least to be fully indemnified. He shows that at the time he purchased and paid for the house and lot he was borrowing money, and that he paid interest at the rate of fifteen per cent. per annum and even higher rate than that. If there was a settlement between the parties at the time the note sued on was executed, its amount would tend to prove that 25 per centum was the interest contracted to be paid. And the exaction of that rate of interest would not have been usurious.

The property was Wade's and he could lawfully demand such sum as he chose from parties desiring to purchase. We are of opinion that the chancellor should have fully indemnified Wade, by allowing him fifteen per centum interest. The master's settlement of the outstanding accounts between the parties seems to be substantially correct. The judgment is *reversed* and the cause remanded with instructions to render judgment in favor of Wade for $21.07 with interest at six per cent. per annum from the 25th day of August, 1875.

*Finn & Harris, for appellant.    G. W. Whitesides, for appellees.*